UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 6:13-22-1 |
| § | (CIVIL NO. 6:14-50) |
| JUAN MANUEL HERNANDEZ, § | |
|    Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Juan Manuel Hernandez ("Movant") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and both a declaration and memorandum in support. D.E. 35, 36, 37. Now pending before the Court is the United States of America's (the "Government") motion for summary judgment (D.E. 51), to which Movant has not responded.

**I. FACTUAL BACKGROUND AND PROCEEDINGS**

Movant was indicted for possession with intent to distribute 9.2 kilograms of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

Movant entered into a written plea agreement with the Government whereby he waived his right to appeal or collaterally attack his conviction or sentence. D.E. 18, ¶ 7. During rearraignment on May 14, 2013, Movant acknowledged that he had received the indictment, it was read to him, and he understood the charge and had discussed it with his attorney. He identified the plea agreement he signed and testified that it was read to him and that he discussed it with his attorney before he signed it. The Court reviewed the waiver of his right to appeal and to collaterally attack his conviction or sentence. Movant testified that he understood his rights and his waiver, and that he and his attorney had gone over the waivers before he signed the plea

1

agreement.[1]

The Court advised Movant that his statutory range of punishment was from a minimum mandatory term of ten years up to life imprisonment and a potential $10 million fine. Movant testified that he understood the range of punishment. He was generally warned that his guideline punishment range would be based upon the present offense and his criminal history using the Sentencing Guidelines. He testified that he understood. Movant testified that his decision to plead guilty was voluntary and that he had not been promised a certain sentence or forced to plead guilty.[2] The Government outlined the facts it relied upon to charge Movant with possession

---

1. THE COURT: I was handed a while ago a memorandum of plea agreement. On the last page, your signature appears. Did you sign this agreement voluntarily?
   THE DEFENDANT: Yes.
   THE COURT: Did your lawyer read it and explain it to you before you signed it?
   THE DEFENDANT: Yes.
   THE COURT: Do you feel like you understand the terms of the agreement?
   THE DEFENDANT: Yes.
   THE COURT: Has anyone made any promises to you to get you to plead guilty this morning, other than those contained in this agreement?
   THE DEFENDANT: No.
   THE COURT: On page 3 of the agreement, in Paragraph 7, there is a waiver of certain rights to appeal. Were you aware of that before you signed the agreement?
   THE DEFENDANT: Yes.
   THE COURT: Were you aware that you not only waived your right to directly appeal your conviction and your sentence, but you also waived the right to collaterally attack it under another federal law, 28, United States Code, Section 2255. Are you aware of that?
   THE DEFENDANT: Yes.
   THE COURT: Did you discuss this waiver with your attorney?
   THE DEFENDANT: No.
   THE COURT: Well, did he explain it to you?
   THE DEFENDANT: Yes.
   THE COURT: Okay. All right. Do you feel like you understand the waiver and how it may affect your rights in this case?
   THE DEFENDANT: Yes.
   THE COURT: Do you have any questions you would like to ask me about the waiver?
   THE DEFENDANT: No.

5/14/2013 Tr., D.E. 46, pp. 4:19–6:4.

2. THE COURT: Has anyone told you what your sentence is going to be?
   THE DEFENDANT: No.
   THE COURT: Okay. All right. I just want to make sure. Because you might get some advice from over at the jail, which would be terribly wrong. Your lawyer, of course, will give you some advice. He will try to prepare you for sentencing and give you some idea as to what to expect. That's his function, and that's

with intent to distribute methamphetamine. He agreed with the recitation. The Court found that Movant was competent to plead guilty and accepted his plea as knowing and voluntary.

The Probation Department calculated both Movant's offense level and criminal history points in the Presentence Investigation Report (PSR). Movant's base offense level was 38 based on the fact that he had admitted to smuggling drugs into the United States twice, which justified a finding that the offense involved 16.5 kg of methamphetamine. Two more levels were added to the base offense level because the offense involved importation of methamphetamine. After credit for acceptance of responsibility, Movant's total offense level was 37. He had no criminal history points, resulting in application of criminal history category I. Movant was subject to the statutory mandatory minimum sentence of 10 years. With a total offense level of 37 and a criminal history category of I, his guideline imprisonment range was 210–262 months.

Sentencing was held on March 4, 2014, during which defense counsel moved for a downward variance from the mandatory minimum sentence. In response, the AUSA explained that Movant did not qualify for safety valve because information gleaned from his debriefing suggested that he had participated in as many as six smuggling efforts. Moreover, the information Movant volunteered could not be substantiated. The Court ultimately sentenced Movant to 198 months, deducting 12 months off the lowest end of the advisory guidelines based on Movant's decision to voluntarily waive his right of appeal in the plea agreement. Movant did not appeal, but instead filed the present § 2255 motion on August 1, 2014. It is timely.

---

> appropriate. But I'm the one who will determine your sentence. So you should not be entering a plea of guilty expecting to receive a particular sentence. Do you understand that?
> THE DEFENDANT: Yes.

5/14/2013 Tr. at 8:16–9:9.

### III. MOVANT'S ALLEGATIONS

Movant claims that his trial counsel was constitutionally ineffective for several reasons:

1) Counsel failed to adequately explain the terms of the plea agreement to Movant in Spanish before it was executed, resulting in an involuntary plea;

2) Counsel misrepresented Movant's eligibility for reductions for safety valve and for having a minimal role in the commission of the offense, in order to "lure" him into pleading guilty;

3) Counsel failed to file a pre-trial motion to suppress evidence, despite Movant having instructed him to do so;

4) Counsel failed to file a sentencing memorandum on Movant's behalf, wherein he should have advanced the merits of a non-guideline sentence; and

5) Counsel failed to perfect an appeal for Movant by filing a notice of appeal when Movant had instructed him to do so.

The Court previously held an evidentiary hearing on Movant's claim regarding counsel's failure to appeal and determined that this claim should be denied because Movant did not instruct counsel to file a notice of appeal on his behalf. The Government argues that Movant's remaining claims are barred by his waiver of the right to file a § 2255 motion.

### IV. ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief

"is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Enforcement of Waiver**

Movant's motion did not address his waiver of the right to file a § 2255 motion based upon the terms of his plea agreement. The burden to demonstrate that his plea and waiver should not be enforced is on Movant.

Movant attacks his guilty plea on two grounds. First, he claims that his trial counsel failed to adequately explain the terms of the plea agreement to him in Spanish before he signed the agreement. Second, Movant complains that counsel lied to him about his eligibility for reductions for safety valve and for having a minimal role in the commission of the offense, in order to induce him to plead guilty so that counsel would not have to investigate the case.

Movant's claims are belied by the record. As set forth *supra*, Movant was questioned at rearraignment regarding the plea agreement and his waiver of his right to appeal and/or file a § 2255 motion. He testified that counsel had read the plea agreement to him and explained the waiver to him, and he understood. Movant was also questioned at rearraignment regarding his understanding of the charges against him and was informed that his potential punishment ranged from a minimum mandatory sentence of 10 years, up to life in prison. He stated that no one had told him what his sentence was going to be, and that he did not plead guilty expecting a certain sentence.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong

presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured).

Movant's testimony that he understood he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for his waiver to be enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."). The Court finds that Movant's plea was knowing and voluntary, and that his plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. His remaining claims fall within the scope of his waiver and are barred from consideration.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 51) is **GRANTED**, Movant' § 2255 motion (D.E. 35) is **DENIED,** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 13th day of July, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE