United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|   Plaintiff/Respondent, § | |
| § | |
|   v. § | CRIMINAL NO. 6:13-22 |
| § | CIVIL NO. 6:16-74 |
| JUAN MANUEL HERNANDEZ, § | |
|   Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Juan Manuel Hernandez' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 76, 77. Movant seeks a sentence reduction under Amendment 794 to the Sentencing Guidelines based on his allegedly minor role. The United States has moved to dismiss this action on the grounds that Movant has not obtained the Fifth Circuit's permission to file a successive § 2255 motion. D.E. 79.

**I. Background**

On May 14, 2013, Movant pled guilty to possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The Presentence Investigation Report (PSR) calculated Movant's base offense level, based on 16.5 kilograms of methamphetamine, at 38. He received a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine and he was not subject to an adjustment for mitigating role. After credit for acceptance of responsibility, his total offense level was 37. Movant's criminal history category was I, resulting in a guideline range of 210–262 months' imprisonment. At sentencing, the Court adopted the

1

PSR without change and sentenced Movant to a below-guideline sentence of 198 months, to be followed by 5 years' supervised release. Judgment was entered March 10, 2014.

Movant did not appeal his conviction or sentence, but instead filed a § 2255 motion on August 1, 2014, lodging five different complaints concerning ineffective assistance of his trial counsel. The Court denied Movant's § 2255 motion, and his appeal of that denial was dismissed for want of prosecution on September 22, 2015.

Movant mailed the present motion under § 2255 on October 27, 2016.

## II. Movant's Allegations

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider in making a determination of minor or mitigating role. Movant claims he is entitled to a sentence reduction under Amendment 794, and his current sentence violates the equal protection clause of the Fifth Amendment because he has not been treated equally with those whose sentences were based upon the proper minor role adjustment as the Sentencing Commission intended.

## III. Analysis

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Movant claims his sentence is unconstitutional because he did not receive a downward adjustment for minor role. "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if it did, Movant's present motion was filed after a previous § 2255 motion; thus, his current motion is a second or successive motion.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Movant's motion does not indicate that he has sought or obtained permission from

the Fifth Circuit to file the present motion. Until he does so, the Court does not have jurisdiction over his § 2255 motion.

### B. 18 U.S.C. § 3582

The substantive relief Movant seeks—a sentence reduction under Amendment 794—is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2). As such, the Court will construe Movant's motion under § 3582.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed.

Citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Movant argues that Amendment 794 is nonetheless retroactive. In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 "applies retroactively in direct appeals." 823 F.3d at 521. However, the court declined to reach "the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* n.1. The Fifth Circuit has

4

explicitly declined to reach the issue of whether Amendment 794 is clarifying and/or retroactive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). However, the Southern, Northern, and Western Districts of Texas have held that Amendment 794 is not retroactive. *See, e.g.*, *United States v. Collins*, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016) ("The Court finds that because Amendment 794 is not listed in § 1B1.10, it is not retroactive."); *Perez-Rodriguez v. United States*, 2016 WL 5875027, at *3 (N.D. Tex. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 5871359 (N.D. Tex. Oct. 7, 2016) ("Amendment 794 . . . is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis."); *Vergara v. United States*, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) ("*Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases in the Fifth Circuit on direct appeal or on collateral review under § 2255. . . . The Sentencing Guidelines list all amendments eligible for retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794."). Because Amendment 794 is not retroactive, the Court is not authorized to reconsider whether Movant may qualify for a minor role under this amendment.

## IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Movant cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

**V. Conclusion**

For the reasons stated herein, the Government's motion to dismiss Movant's § 2255 motion as successive (D.E. 79) is **GRANTED**. Movant's construed motion under 18 U.S.C. § 3582(c)(2) (D.E. 76) is **DENIED**.

It is so **ORDERED** this 29th day of March, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE